FARHAD NOVIAN (SBN 118129)
JOSEPH A. LOPEZ (SBN 268511)
**NOVIAN & NOVIAN, LLP**
**1801 Century Park East, Suite 1201**
Los Angeles, California 90067
Telephone: (310) 553-1222
Facsimile: (310) 553-0222
Farhad@NovianLaw.com
Joseph@NovianLaw.com

Attorney for Plaintiff,
B.A.S.A. TRADING, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.A.S.A. TRADING, INC. dba CORAL TEXTILE, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CLO APPAREL, INC. dba CLEO CASUAL, a California corporation; ITEX CORPORATION, a Nevada corporation; S & J APPAREL, INC., a California corporation; NOVELTY FABRICS, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. **Copyright infringement;**<br>2. **Vicarious and/or Contributory Copyright Infringement; and**<br>3. **Breach of Contract**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, B.A.S.A. TRADING, INC. dba CORAL TEXTILE, by and through his undersigned counsel, complaining of the defendants CLO APPAREL, INC. dba CLEO CASUAL, a California corporation; ITEX CORPORATION, a Nevada corporation; S & J APPAREL, INC., a California corporation; NOVELTY FABRICS, INC., a California corporation; and DOES 1 through 10, inclusive (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff creates and obtains rights to unique two-dimensional non-functional artworks for gallery display and use on textiles, which are transacted primarily in and through the apparel industry. Plaintiff owns these designs in exclusivity and exploits these designs for profit by selling products bearing the designs or entering into licensing agreements for sale or display by third parties. Defendants have knowingly and intentionally used one such design in the production of unauthorized goods which infringe Plaintiff's copyrights.

## JURISDICTION AND VENUE

2. The Court has original subject matter jurisdiction over Plaintiff's federal claims arising under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq. under 28 U.S.C. § 1331, 1338 (a) and (b). The Court has supplemental subject matter jurisdiction over Plaintiff's state law claims under principles of pendent jurisdiction and pursuant to 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over the Defendants because the events or omissions giving rise to the claim occurred, the tortuous acts occurred, and a substantial part of the injury took place and continues to take place, in this judicial district and/or each of the defendants can be found in this judicial district.

4. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C §§ 1391(b), 1391(c), and 1400(a) on information and belief that: (a) this is a judicial district in which a substantial part of the events giving rise to the claims occurred the tortuous acts occurred, and a

substantial part of the injury took place and continues to take place; and (b) this is a judicial district in which Defendants may be found.

## THE PARTIES

5. Plaintiff B.A.S.A. TRADING, INC. dba CORAL TEXTILE ("Plaintiff") is a California corporation with its principal place of business in the County of Los Angeles, State of California.

6. Upon information and belief, defendant CLO APPAREL, INC. dba CLEO CASUAL ("Cleo"), is, and at all times relevant was, a California corporation and is doing business within the jurisdiction of this Court.

7. Upon information and belief, defendant ITEX CORPORATION ("Itex") is, and at all times relevant was, a Nevada corporation and is doing business within the jurisdiction of this Court.

8. Upon information and belief, defendant S & J APPAREL, INC. ("S & J") is, and at all times relevant was, a California corporation and is doing business within the jurisdiction of this Court.

9. Upon information and belief, defendant NOVELTY FABRICS, INC. ("Novelty") is, and at all times relevant was, a California corporation and is doing business within the jurisdiction of this Court.

10. Defendants DOES 1 through 10 are individuals and/or entities whose true names and capacities are presently unknown to Plaintiff. At such time as said defendants' true names and capacities become known to Plaintiff, Plaintiff will seek leave to amend this Complaint to insert said true names and capacities of such individuals and/or entities.

11. Upon information and belief, at all times relevant herein, Defendants, including Does 1 through 10, inclusive, and each of them, were and still are the partners, agents, employers, and/or employees of the other named Defendants, and each of them; that in so doing the things alleged, said Defendants were acting within the course and scope of said partnership, agency, or employment; and that

in so doing the things alleged, said Defendants were acting at all times with the knowledge, consent, and authorization of each of the other Defendants.

12. Upon information and belief, at all times relevant herein, Defendants, including Does 1 through 10, inclusive, and each of them, are the alter egos of each other; are characterized by a unity of interest in ownership and control among themselves such that any individuality and separateness between them have ceased; are a mere shell instrumentality and conduit through which Defendants carried on their business by use of each others' names; completely controlled, dominated, managed, and operated each others' business to such an extent that any individuality or separateness of the Defendants does not and did not exist; completely failed to observe any corporate formalities; and intermingled the assets of each other, and other entities affiliated with them, to suit the convenience of themselves and in order to evade payment of obligations and legal liability to various customers and creditors.

## **PLAINTIFF'S COPYRIGHT**

13. Plaintiff owns, and had owned prior to the infringing acts complained of herein, United States Copyright Registration No. VA 1-924-489, which included a two-dimensional textile design it has internally designated as CPTD101 PRINT ("Design").

## **CLEO'S UNPAID INVOICES**

14. Plaintiff is a fabric print designer who regularly sells, licenses, or otherwise exploits its designs and artwork to third parties.

15. Defendant Cleo is a former customer of Plaintiff. In June 2015, Plaintiff and Cleo entered into agreements confirmed in writing, pursuant to which Cleo agreed to purchase from Plaintiff, and Plaintiff agreed to sell to Cleo, certain fabric. The agreements of the parties are confirmed in writing by the invoices issued by Plaintiff to Cleo. Each invoice reflects the material terms of the contract,

including the purchase order number to which it relates, and other material terms, including, style, quantity, price and total amount owed on each invoice.

16. Pursuant to the parties' agreements, Plaintiff timely delivered to Cleo the fabric that Cleo had ordered.

17. Cleo accepted the goods that it had purchased from Plaintiff and which Plaintiff had shipped to Cleo Factory at Cleo's request. However, Cleo did not pay for the goods that it purchased from Plaintiff. There remains an unpaid balance of an amount equal to or in excess of $5,826.20 due to Plaintiff from those prior transactions.

## DEFENDANTS' INFRINGING CONDUCT

18. In or around August of 2015, Plaintiff discovered that Defendants were selling garments ("Infringing Garments") that bear designs that are identical or substantially similar to Plaintiff's Design ("Infringing Design").

19. Upon information and belief, Defendants have misappropriated the Design, and are selling Infringing Garments online and in and to retail stores throughout the United States, including but not limited to within this judicial district.

20. Upon information and belief, Defendants are, without Plaintiff's authorization, unlawfully reproducing, importing, distributing and/or selling Infringing Garments in this judicial district that feature a design that is identical, or substantially similar to, the Design.

21. Upon information and belief, Defendants' infringing use of the Design is not limited to the Infringing Garments described above, and other garments Defendants created, manufactured, caused to be manufactured, imported, distributed, and/or sold may infringe Plaintiff's copyright in the Design.

22. On or about August 5, 2015, Plaintiff, through its counsel, addressed a letter to Defendant Cleo informing it of the Infringing Garments. Plaintiff demanded, among other things, that Cleo immediately cease and desist from using,

copying, reproducing, distributing, displaying, ordering, purchasing, manufacturing, offering for sale or advertising the Design in any way. Plaintiff also demanded that Cleo provide Plaintiff's counsel with a written accounting of each and every use of the Design by Cleo, or any person or entity working with or for Cleo and to provide Plaintiff's counsel with the names, addresses, and contact information for the manufacturers, stores, websites, and companies used by Cleo in relation with the Design. Plaintiff further demanded that Cleo provide Plaintiff's counsel with copies of all sales receipts, invoices, customer records, accounting records, and inventories of and relating to the Design.

23. After receiving no response, Plaintiff, on or about August 17, 2015, through its counsel, addressed a second letter to Cleo reiterating, among other things, its demand that Cleo immediately cease and desist from using, copying, reproducing, distributing, displaying, ordering, purchasing, manufacturing, offering for sale or advertising the Design in any way.

24. On or about August 24, 2015, Cleo provided to Plaintiff documents identifying Defendants Itex, S & J, and Novelty as parties involved in the misappropriation of the Design and the unlawful use, reproduction, importation, distribution, and/or sale of Infringing Garments. The documents were provided without any context and as attachments with only "PLEASE SEE ATTACHED" in the body of the e-mail.

25. The documents included an "Indemnification Agreement" between Itex and S & J as well as a "Copyright Agreement" between Novelty and Cleo, purporting that both Itex and Novelty created the Infringing Design.

26. The documents also included invoices indicating the sale of Infringing Garments from Itex to Cleo and from Itex to Novelty.

27. Upon information and belief, Itex obtained the Infringing Design from S & J and/or Novely, and is, without Plaintiff's authorization, unlawfully reproducing, importing, distributing and/or selling Infringing Garments in this

judicial district to retailers including but not limited to Cleo.

28.  On or about October 26, 2015, Plaintiff, through its counsel, contacted Cleo, requesting clarification of the documents provided as well as additional information regarding the parties involved but has received no response.

29.  To date, Plaintiff and Defendants have not been able to reach a satisfactory resolution of this matter.

30.  Upon information and belief, Defendants continue to misappropriate the Design and to unlawfully reproduce, import, distribute, and/or sell Infringing Garments, in this judicial district, featuring a design, which is identical, or substantially similar to the Design.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement - Against All Defendants)

31.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs designated 1 through 30, inclusive, of this Complaint, as if fully set forth herein at length.

32.  Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Design and by producing, distributing and/or selling Infringing Garments.

33.  Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to his business in an amount to be established at trial.

34.  Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

35.  Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly

attributable to Defendants' infringement of the Design in an amount to be established at trial.

36. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have imported, manufactured, cause to be manufactured and/or sold Infringing Garments.

37. Upon information and belief, Defendants also began such activities although they were fully aware of Plaintiff's superior rights to the Design. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants', and each of their willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Design renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages. Plaintiff is also entitled to preliminary and permanent injunctive relief.

## SECOND CLAIM FOR RELIEF

### (For Vicarious and/or Contributory Copyright Infringement
### - Against All Defendants)

38. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 30, inclusive.

39. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of Infringing Garments featuring the Design as alleged hereinabove.

40. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringements alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

41. By reason of the Defendants', and each of their, acts of contributory infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

42. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Design, in an amount to be established at trial.

43. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have imported, manufactured, cause to be manufactured and/or sold Infringing Garments.

44. Upon information and belief, Defendants also began such activities although they were fully aware of Plaintiff's superior rights to the Design. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants', and each of their, willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Design renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual

damages and statutory damages. Plaintiff is also entitled to preliminary and permanent injunctive relief.

### THIRD CLAIM FOR RELIEF

### (For Breach of Contract Against Cleo and Does 1 through 10)

45. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 30, inclusive.

46. In June 2015, Plaintiff and Cleo entered into agreements confirmed in writing, pursuant to which Cleo agreed to purchase from Plaintiff, and Plaintiff agreed to sell to Cleo, certain fabric. The agreements of the parties are confirmed in writing by the invoices issued by Plaintiff to Cleo. Each invoice reflects the material terms of the contract, including the purchase order number to which it relates, and other material terms, including, style, quantity, price and total amount owed on each invoice.

47. Pursuant to the parties' agreements, Plaintiff timely delivered to Cleo the 5,675 garments that Cleo had ordered.

48. Cleo accepted the goods that it had purchased from Plaintiff and which Plaintiff had shipped to Cleo Factory at Cleo's request. However, Cleo did not pay for the goods that it purchased from Plaintiff.

49. Plaintiff has performed all conditions and covenants required by it to be performed under the parties' agreements, including, without limitation, shipment of the goods ordered by Cleo.

50. Cleo has breached the parties' agreements by failing and refusing to pay for the June 2015 Orders which Plaintiff shipped to Cleo as it was required to do as confirmed in writing by the invoices issued by Plaintiff to Cleo.

51. As a direct and proximate result of Cleo's breaches, Plaintiff has suffered substantial damages, including, without limitation, the principal sum equal to or in excess of $5,826.20 for the goods that Cleo ordered from Plaintiff, together

with interest thereon at the highest legal rate from the due date of payment for each shipment of goods, according to proof, and in no event less than the jurisdictional minimum of this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully demands the following relief against Defendants, jointly and severally:

Against All Defendants, With Respect to the First and Second Claims for Relief:

a. That Defendants, their agents and servants be enjoined from selling Infringing Garments, or otherwise infringing Plaintiff's copyright in the Design;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. Directing such other relief as the Court may deem appropriate to prevent the Defendants from participating in this or other copyright infringements; and

d. That Plaintiff be awarded his attorneys' fees as available under the Copyright Act 17 U.S.C. § 101 et seq.

Against Cleo, With Respect to the Third Claim for Relief:

a. For compensatory and consequential damages, plus interest thereon, at the highest legal rate, in an amount according to proof.

///
///
///
///
///
///
///
///

Against All Defendants, as to All Causes of Action:

    a.    For Plaintiff's cost of suit incurred herein;

    b.    For attorney's fees to the extent allowed under the law; and

    c.    Such other relief as the Court may deem appropriate.


Dated:  December 29, 2015        **NOVIAN & NOVIAN, LLP**
                                                Attorneys at Law

                                          By:   /s/ Farhad Novian
                                                FARHAD NOVIAN
                                                JOSEPH A. LOPEZ
                                                Attorneys for Plaintiff
                                                B.A.S.A. TRADING, INC.